**GENERAL COOLING & HEATING CORPO-RATION v. RECONSTRUCTION FINANCE CORPORATION.**

**Civil Action No. 792–J.**

District Court, S. D. Florida, Jacksonville Division.

Feb. 20, 1945.

Smith & Axtell, of Jacksonville, Fla., for plaintiff.

Stockton, Ulmer & Murchison, of Jacksonville, Fla., for defendant.

STRUM, District Judge.

The Murray-Patman Act of May 11, 1942, 15 U.S.C.A. § 606b—3(a), amended the Reconstruction Finance Corporation Act by adding thereto sec. 5h, the purpose of which is to relieve distress among dealers in commodities which are rationed in connection with the war effort.

Under this amendment, sec. 5h(a), the R.F.C. is "authorized" to purchase or make loans upon the security of any commodity, the sale or distribution of which is rationed, "subject to the terms and conditions" prescribed in the act.

On August 1, 1942, plaintiff, a retail dealer in cooling and heating equipment, applied for and secured a loan pursuant to subparagraph (3) of sec. 5h(a) upon the security of certain rationed stoves, in an amount equal to their cost, plus transportation, storage, and handling costs. At that time, these stoves had been on hand less than eighteen months. Consequently they did not qualify for a loan or purchase under subparagraph (4), at their ceiling price.

After the stoves had been on hand for eighteen months, the dealer applied to R.F.C. "to take these commodities off its

hands" under the provisions of subparagraph (4), at the ceiling price, which is greater than the cost price.

This request R.F.C. denied upon the ground that the dealer's business operations were discontinued prior to the termination of the eighteen months period following rationing of these items, and therefore the last named application did not meet the eligibility requirements of the Act, sec. 5h(a) (2).

Later, the original loan being past due and unpaid, R.F.C. notified plaintiff of its intention to sell the pledged commodities to satisfy the indebtedness. Plaintiff thereupon brought this suit to declare its rights under the Act, particularly under subparagraphs (3) and (4) of sec. 5h(a), and to restrain said sale.

Plaintiff concedes that in the first instance the Act is permissive only. It "authorizes," but does not require, a purchase of, or loan upon, rationed commodities, in order to aid a distressed dealer. Plaintiff contends, however, that because R.F.C. granted a loan under subparagraph (3) for the cost price of the commodities, and because plaintiff can now qualify said commodities under subparagraph (4), the articles now having been on hand for more than eighteen months, plaintiff is entitled, as a matter of right, to demand a loan or purchase at the ceiling price, as authorized by subparagraph (4), the ceiling price being higher than the cost price.

■ The Court does not so interpret the Act. The fundamental authority created by sec. 5h is permissive, not mandatory. Congress intended to invest R.F.C. with authority to act in these cases, but did not require it to act. Whether or not R.F.C. shall act at all is discretionary. The gist of the section, taken as a whole, is that R.F.C. is permissively "authorized" to act, but if it exercises that authority, then it is mandatorily required to do so in accordance with the limitations of subparagraphs (1) to (4). When Congress intended the duty of R.F.C. in making loans to be mandatory, it used the word "directed," instead of "authorized," as in 15 U.S.C.A. § 606b—2, another amendment to the same Act. As originally introduced, the Act in question provided that R.F.C. is "authorized and directed" to purchase or make loans, etc. It is significant that, after Committee hearings on the bill, and before its enactment, the words "and directed" were deleted. Also, sec. 5h(a) (5), as originally introduced, provided that such purchases or loans "shall" be made upon the request of any dealer, etc. Before enactment, this word "shall" was changed to "may," which further emphasizes the discretionary character of the Act.

■ The Court finds nothing in sec. 5h which, as plaintiff contends, entitles a dealer who has originally secured a loan under subparagraph (3), to thereafter demand, as a matter of right, a further loan or purchase under subparagraph (4) when and merely because, by the passage of time he can meet the requirements of subparagraph (4). Whether or not such subsequent loan or purchase shall be made, remains discretionary with R.F.C., as was the original loan under subparagraph (3). R.F.C. may decline the subsequent loan on the ground that the dealer, by discontinuing his business, is barred by the provisions of subparagraph (2).

Judgment accordingly.