the conclusion that the securities were not held by him primarily for sale to customers in the regular course of his business. With respect to some of the securities sold the taxpayer may have been a dealer and with respect to others a trader, investor or speculator. In his returns he made no attempt to distinguish one sale from another; nor did he present sufficient evidence to enable the Tax Court to do so. There was no error of law in its determination upon the facts found. See Bingham's Trust v. Commissioner, 325 U.S. 365, 372, 65 S.Ct. 1232. Accordingly the orders are affirmed.

William A. Carter, of Jacksonville, Fla., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

The facts in this case are fully set out in the opinion of the lower Court in 59 F. Supp. 357, as well as the reasons of the District Judge for dismissing the complaint.

We agree with the lower Court that the Murray-Patman Act, 15 U.S.C.A., Sec. 606b—3 (a), merely authorized, but did not require, the Reconstruction Finance Corporation to make loans and purchases of rationed commodities.

The judgment is affirmed.

## GENERAL COOLING & HEATING CORPORATION v. RECONSTRUCTION FINANCE CORPORATION.

### No. 11408.

Circuit Court of Appeals, Fifth Circuit.

Dec. 10, 1945.

## MANHATTAN RY. CO. et al. v. CITY OF NEW YORK et al.

### No. 125.

Circuit Court of Appeals, Second Circuit.

Dec. 31, 1945.

Writ of Certiorari Denied March 4, 1946.

See 66 S.Ct. 704.

W. Gregory Smith, of Jacksonville, Fla., for appellant.